IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CARBONLITE HOLDINGS LLC, et al.,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 21-10527 (JTD)<br><br>Jointly Administered |
| BAHRAM NOUR-OMID, an individual, and LEARNICON LLC, a Delaware limited liability company,<br><br>                      Plaintiffs,<br>v.<br><br>CARBONLITE HOLDINGS LLC, a Delaware limited liability company, LF INVESTMENT HOLDINGS, LLC, a Delaware limited liability company, LEON FARAHNIK, an individual, KIM JEFFERY, an individual, FARAMARZ YOUSEFZADEH, an individual, ORION ENERGY CREDIT OPPORTUNITIES FUND II, L.P., a Delaware limited partnership, ORION ENERGY CREDIT OPPORTUNITIES FUND II PV, L.P., a Delaware limited partnership, ORION ENERGY CREDIT OPPORTUNITIES FUND II GPFA, L.P., a Delaware limited partnership, FORCE TEN PARTNERS, LLC, a Delaware limited liability company, BRIAN WEISS, an individual, and DOES 1 through 50, inclusive, | Adv. No. 21-50317 (JTD)<br><br>**Related to Docket Nos. 10, 11, 24** |

**SUPPLEMENTAL MOTION OF DEBTOR CARBONLITE
HOLDINGS LLC TO DISMISS FIRST AMENDED COMPLAINT OR,
ALTERNATIVELY, TO STAY THIS LITIGATION AS TO ALL PARTIES**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite PinnPack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); PinnPack P, LLC (8322); and PinnPack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

Defendant CarbonLite Holdings, LLC (the "Debtor"), by and through its counsel, respectfully submits this supplemental motion to dismiss (this "Supplemental Motion") the *First Amended Complaint* filed by Plaintiffs on June 9, 2021 [Docket No. 24] (the "Amended Complaint"). The Debtor filed its initial motion on May 26, 2021 [Docket No. 10] (the "Original Motion")[2] seeking an order dismissing the original *Complaint* filed by Plaintiffs (the "Original Complaint"). Rather than responding to the Original Motion, Plaintiffs filed the Amended Complaint. A redline of the Amended Complaint against the Original Complaint is attached hereto as **Exhibit A**.

The Amended Complaint fails to address the substance of the Debtors' arguments in the Original Motion. Plaintiffs ignore the key issue raised by the Original Motion that Plaintiffs have suffered no damages given that their indirect interests in the Tranche B Loans are out of the money.[3] The additional factual allegations in the Amended Complaint also do not impact the outcome of the Original Motion. The Amended Complaint removes one cause of action against the Debtor (Fifth Cause of Action – Breach of Implied Covenant of Good Faith and Fair Dealing) and adds one cause of action (Seventh Cause of Action – Breach of Implied-in-Fact Contract). The Debtor hereby incorporates and reaffirms its arguments in the Original Motion and, by this Supplemental Motion, seeks to dismiss or stay the Amended Complaint for the reasons set forth in the Original Motion.

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

[3] Notably, Orion has recovered only a small fraction of its claims under the Tranche A Loans and its debtor-in-possession financing out of the proceeds of the sale of the Riverside, California facility. Although the Debtor's efforts to sell the PinnPack facility in Oxnard, California are ongoing, there will be no Qualified PinnPack Sale as had been contemplated in the Credit Agreement prior to the Forbearance Agreement because the PinnPack facility and the assets contained therein will be sold through the bankruptcy process following an event of default.

In addition, the Debtor asserts that the new Seventh Cause of Action – Breach of Implied-in-Fact Contract should be dismissed under Rule 12(b)(6). There can be no breach of an implied contract against the Debtor under California law because the Debtor never had a direct relationship with either of the Plaintiffs with respect to the Tranche B Loans or the Forbearance Agreement. "An implied-in-fact contract requires proof of the same elements necessary to evidence an express contract: mutual assent or offer and acceptance, consideration, legal capacity and lawful subject matter." *Northstar Financial Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1050-51 (9th Cir. 2015) (quoting 1 Richard A. Lord, Williston on Contracts § 1:5 at 37-38 (4th ed. 2007)). The Amended Complaint fails to plead that there was ever any enforceable agreement between the Debtor and either of the Plaintiffs with respect to the Tranche B Loans, much less any obligation on the part of the Debtor to obtain consent from the Plaintiffs on any matter whatsoever. The Debtor's agreements with respect to the Tranche B Loans were in writing with Orion and consistent with LFIH's consent. The Debtor had no contractual or other obligation to Plaintiffs with reference to the Tranche B Loans or the Forbearance Agreement.

Finally, the Debtor refers the Court to the Participation Purchase Agreement between LFIH and Learnicon dated February 16, 2021, pursuant to which LFIH agreed to sell its interests in the Tranche B Loans to Learnicon. The Participation Purchase Agreement is attached hereto as **Exhibit B**. Pursuant to the terms of the Participation Purchase Agreement. Learnicon expressly acknowledged that it had received copies of the Participation Purchase Agreement, the Credit Agreement, and all documents related to the Credit Agreement, and further acknowledged that it was specifically aware of the Forbearance Agreement previously entered into by the Debtor and Orion. In particular, section 3(b) of the Participation Purchase Agreement provides:

> **Knowledge.** *The Purchaser [Learnicon] has received copies of the Participation Agreement, the Credit Agreement and all other documents relating thereto and is aware* that the Borrowers [Debtor] under the Credit Agreement are in default, *that the Agent [Orion] has entered into a Forbearance Agreement with the Borrowers* and that pursuant to the Forbearance Agreement the Borrowers are preparing to file for Chapter 11. *Purchaser is knowledgeable* the business affairs and financial condition of CarbonLite Holdings LLC and its subsidiaries (collectively, "CarbonLite") which are the obligors under the Credit Agreement, *and has acquired sufficient information about CarbonLite to reach an informed and knowledgeable decision to purchase the Participation*. (emphasis added)

Plaintiffs' allegations in the Amended Complaint that they were not aware of the terms of the Forbearance Agreement until February 25, 2021, *see* Amended Complaint at ¶ 68 - ¶ 69, contradict the express terms of the Participation Purchase Agreement.

For the reasons set forth in this Supplemental Motion and the Original Motion, the Debtor seeks an order dismissing the Amended Complaint against all Defendants with prejudice or, in the alternative, to stay this litigation as to all parties.

Dated: June 15, 2021  **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Gabriel I. Glazer (CA Bar No. 246384)
James E. O'Neill (DE Bar No. 4042)
Maxim B. Litvak (CA Bar No. 215852)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Tel: (302) 652-4100
Fax: (302) 652-4400
Email: rpachulski@pszjlaw.com
 gglazer@pszjlaw.com
 joneill@pszjlaw.com
 mlitvak@pszjlaw.com

*Attorneys for Defendant CarbonLite Holdings LLC*

4