IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CARBONLITE HOLDINGS LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 21-10527 (JTD)<br><br>Jointly Administered |
| BAHRAM NOUR-OMID, an individual, and LEARNICON LLC, a Delaware limited liability company,<br><br>                    Plaintiffs,<br>v.<br><br>CARBONLITE HOLDINGS LLC, a Delaware limited liability company, *et. al.* | Adv. No. 21-50317 (JTD) |

**SUPPLEMENTAL MOTION OF LF INVESTMENT HOLDINGS, LLC AND LEON FARAHNIK TO DISMISS COMPLAINT OR, ALTERNATIVELY, TO STAY THIS LITIGATION**

Defendants LF Investment Holdings, LLC ("LFIH"), a Delaware limited liability company, and Leon Farahnik ("Mr. Farahnik"), an individual (collectively, the "LF Defendants"), hereby file this supplemental motion to dismiss (this "Motion") that certain *First Amended Complaint* (the "FAC")[2] [D.I. 24] filed by Plaintiffs Bahram Nour-Omid ("Nour-Omid") and Learnicon LLC ("Learnicon" and together with Nour-Omid, "Plaintiffs") in the above-captioned adversary proceeding, in the alternative, to stay this litigation as to all parties.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite PinnPack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); PinnPack P, LLC (8322); and PinnPack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint or in the LF Defendants' Original Motion to Dismiss (defined below).

1.    The FAC reasserts against the LF Defendants the claims asserted in Count I (Fraud), Count II (Negligent Misrepresentation), and Count X (Declaratory Relief) and against Farahnik in Count III (Breach of Fiduciary Duty).  The FAC adds claims against Farahnik in Count V[3] (Breach of Contract – Operating Agreement) and Count VI (Breach of Contract – Personal Guaranty).

2.    The LF Defendants incorporate herein all of the arguments made in their prior motion to dismiss and any joinders in arguments noted therein.  [D.I. 14, 15] (the "LF Defendants' Original Motion to Dismiss").  The LF Defendants further join in the Debtor's Supplemental Motion to Dismiss [D.I. 30] (the "Debtor's Supplemental Motion"), and the Director Defendants' Supplemental Motion to Dismiss [D.I. 34, 35] (the "Director Defendants' Supplemental Motion"). The LF Defendants anticipate joining in any other supplemental motions to dismiss that are filed at the appropriate juncture.

3.    The LF Defendants specifically join in the Director Defendants' Supplemental Motion with respect to that motion's analysis of the fifth cause of action for breach of the Debtor's operating agreement, and each of the arguments made by the Director Defendants therein.  The LF Defendants add the following: Mr. Nour-Omid is neither a party nor an intended third party beneficiary of the Debtor's operating agreement *in his personal capacity*.  The Debtor's operating agreement does not exist to protect Mr. Nour-Omid's personal financial interests.  If Mr. Nour-Omid could state a plausible claim that the procedures of the Debtor's operating agreement were not followed, which he cannot, the harm, if any, would be to the Debtor, not Mr. Nour-Omid.  The fifth cause of action fails for this additional reason.

---

[3] The FAC drops the previous Count V against the LF Defendants which asserted a breach of the implied covenant of good faith and fair dealing.

4.	With respect to their first cause of action for fraud, Plaintiffs have sought to bolster their defective allegations with some scattershot specifics in the FAC.  However, the additional allegations center almost exclusively on the events of October 2020, which are immaterial to Plaintiffs' fraud count.  The gravamen of the fraud cause of action is that facts about the Forbearance Agreement were allegedly concealed from Mr. Nour-Omid in *February 2021*.  (*See* FAC, ¶¶ 76-85.)  The FAC pleads nothing material concerning this.  Indeed, insofar as Plaintiffs add any allegations against Mr. Farahnik concerning the Forbearance Agreement, they plead that Mr. Farahnik was himself ignorant of the information he supposedly concealed from Plaintiffs. (*See* FAC, ¶ 71.)  Moreover, as both the Debtor and the Director Defendants point out, Plaintiffs acknowledged their awareness of the Forbearance Agreement in the "Participation Purchase Agreement." (Debtor's Supplemental Motion, Ex. B.)

5.	Lastly, the FAC contains a new cause of action for breach of guaranty against Mr. Farahnik.  The alleged guaranty, in contrast to all of the other contracts sued on by Plaintiffs, is conspicuous by its absence from the FAC.  Despite attaching the entire closing binder from the October 23, 2020 transactions (FAC, Ex. 1), the alleged guaranty is not among the attached documents.  The suggestion of the FAC is that the existence of a guaranty can be implied from pre-closing discussions between the parties, including the summary of deal terms circulated by Mr. Farahnik on October 16, 2020, as referenced at paragraphs 32 and 33 of the FAC.

6.	Plaintiffs are wrong.  Under the laws of California, New York, Delaware or any other jurisdiction that might supply the applicable substantive law, a guaranty or other promise to answer for the debt of another falls squarely within the statute of frauds.  (*See* Cal. Civ. Code § 1624, subd. (a)(2); N.Y. Gen. Oblig. Law § 5-701.a.2; 6 *Del. C.* § 2714(a).)  There is no such thing as an enforceable guaranty that is not reduced to writing and signed by the party to be charged.

Plaintiffs cannot state a facially plausible claim for breach of a guaranty implied from preliminary discussions that did not materialize into an actual document signed by Mr. Farahnik. The conclusory allegations that Mr. Farahnik "gave" (FAC, ¶ 127) a personal guaranty, and that said guaranty constituted "a valid contract" (*id.*) are insufficient to plausibly state a claim in the absence of an allegation that he signed a document that complies with the statute of frauds.

7. Moreover, the allegation of the FAC is that Mr. Farahnik's personal guaranty was given in connection with the note from LFIH to Learnicon (Complaint, ¶40). And as the "Participation Purchase Agreement" shows, the promissory note was cancelled in February 2021 in consideration for the assignment of LFIH's rights to Learnicon. (Debtor's Supplemental Motion, Ex. B, §1(a).) Cancellation of the underlying debt would perforce extinguish the guaranty under the law of any relevant jurisdiction, including New York, which Plaintiffs assert provides the governing law for this alleged guaranty. *See e.g. Union Tr. Co. of Rochester v. Willsea*, 275 N.Y. 164, 166 (1937) ("the elementary principal of the law of suretyship[ is] that the payment or satisfaction of the principal obligation discharges the guarantor")  The guaranty claim fails for this separate and independent reason.

## **CONCLUSION**

The new allegations and purported new claims in the FAC change nothing. The operative pleading remains defective in all respects. Not only will the Debtors' Tranche A obligations to Orion not be repaid, it is now clear that the DIP loan will not even be repaid in full. Mr. Nour-Omid, being part of the group that successfully bid for the PinnPack assets, is well aware of this. The FAC should be dismissed on all counts or, in the alternative, stayed as to all parties pending the outcome of the Debtors' ongoing sales process.

| | |
|---|---|
| Dated: June 23, 2021 | SMITH, KATZENSTEIN & JENKINS LLP |
| | |
| | */s/ Kathleen Miller* |
| | Kathleen M. Miller (ID No. 2898) |
| | 1000 West Street, Suite 1501 |
| | Wilmington, Delaware 19801 |
| | (302) 652-8400 |
| | kmiller@skjlaw.com |
| | |
| | *Attorneys for Defendants Leon Farahnik and FL Investment Holdings, LLC* |

Of Counsel:

Johnny White, Esquire
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
11400 W. Olympic Blvd., 9th Floor
Los Angeles, CA 90064
(310) 478-4100
jwhite@wrslawyers.com