# EXHIBIT A

**Orion Partial Payoff Letter (Riverside)**

DOCS_SF:105707.1 13044/001

*Execution Version*

**Orion Energy Partners Investment Agent LLC**
**as DIP Agent and Prepetition Agent**
**292 Madison Avenue, Suite 2500**
**New York, NY 10017**

**PARTIAL PAYOFF LETTER**
**(CarbonLITE Holdings LLC)**

June 9, 2021

CarbonLite Holdings LLC
10250 Constellation Boulevard, Suite 2820
Los Angeles, CA 90067
Attention: both Leon Farahnik, Chief Executive Officer; and Gregg Milhaupt
Email: both lfarahnik@hpcindustries.com; and gregg@carbonliterecycling.com
With a copy to:
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Attention: Richard Pachulski; Gabriel Glazer
Email: rpachulski@pszjlaw.com; gglazer@pszjlaw.com
And a copy to:
Force 10 Partners LLC
20341 SW Birch Street, Suite 220
Newport Beach, CA 92660
Attention: Brian Weiss
Email: bweiss@force10partners.com

Re: <u>Partial Payoff of Indebtedness</u>

Ladies and Gentlemen:

Reference is made to (i) that certain Senior Secured Super-Priority Debtor-in-Possession Term Loan Credit Agreement, dated as of March 10, 2021 (as further amended, supplemented or otherwise modified from time to time, the "<u>DIP Credit Agreement</u>"), by and among CarbonLITE Holdings LLC, a Delaware limited liability company, a debtor and a debtor-in-possession (the "<u>Borrower</u>"), certain subsidiaries of the Borrower, as Guarantors, each as a debtor and a debtor-in-possession, the financial institutions from time to time party thereto as lenders (the "<u>DIP Lenders</u>"), and Orion Energy Partners Investment Agent LLC, as the DIP Term Loan Agent and the DIP Term Loan Collateral Agent (in such capacities, the "<u>DIP Agent</u>"), (ii) that certain Credit Agreement, dated as of August 2, 2019 (as amended by Amendment No. 1 to Credit Agreement and Waiver, dated March 20, 2020, Amendment No. 2 to Credit Agreement, dated September 9, 2020, Amendment No. 3 to Credit Agreement, dated October 23, 2020, Amendment No. 4 and Waiver to Credit Agreement, dated December 10, 2020 and Forbearance Agreement and Amendment No. 5 to Credit Agreement, dated February 8, 2021) (as further amended, supplemented or otherwise modified from time to time, the "<u>Prepetition Credit Agreement</u>"), among the Borrower, the Guarantors, the several banks and other financial institutions or entities from time to time party thereto as lenders (the "<u>Prepetition Lenders</u>") and Orion Energy Partners Investment Agent, LLC as administrative agent and

collateral agent (in such capacity, the "Prepetition Agent") and (iii) Asset Purchase Agreement (Riverside), dated as of June 9, 2021 (as further amended, supplemented or otherwise modified from time to time, the "APA"), by and among TSG Shelf II Acquisition, LLC, a Delaware limited liability company (the "Purchaser"), CarbonLITE Industries, LLC, a Delaware limited liability company (the "Seller") and, solely with respect to Sections 3.14 and 5.15 of the APA, CarbonLITE Holdings LLC, a Delaware limited liability company. Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement or the Prepetition Credit Agreement, as applicable.

1. This letter agreement (this "Partial Payoff Letter") sets forth the terms and conditions on which the liens of the DIP Agent and Prepetition Agent in respect of the Purchased Assets (as defined in the APA) shall be released. For the avoidance of doubt, after giving effect to this Partial Payoff Letter, neither the Discharge Date under the DIP Credit Agreement nor the Discharge Date under the Prepetition Credit Agreement will have occurred and the remaining liens, rights and obligations of the respective parties under (x) the DIP Credit Agreement and the Financing Documents (as defined therein) and (y) the Prepetition Credit Agreement and the Financing Documents (as defined therein), in each case, shall remain in full force and effect as set forth therein.

2. The parties hereto hereby acknowledge and agree that if the Partial Payoff Conditions (as defined below) are satisfied on or prior to June 9, 2021 and pursuant to the terms of the Sale Order (as defined in the DIP Credit Agreement), then (a) any and all security interests, pledges, encumbrances or other Liens, guarantees or other commitments with respect to the Purchased Assets (as defined in the APA, as in effect as of the date hereof, the "Purchased Assets") (other than those with respect to the proceeds of the Purchased Assets) granted by the Loan Parties to secure (x) the Obligations (as defined in the DIP Credit Agreement) of the Loan Parties under the Financing Documents (as defined in the DIP Credit Agreement) and (y) the Obligations (as defined in the Prepetition Credit Agreement) of the Loan Parties under the Financing Documents (as defined in the Prepetition Credit Agreement) (the "Riverside Collateral") shall be terminated, discharged and released and shall be of no further force or effect without any further action by the Borrower, the Secured Parties or any other Person and (b) the New Money Commitments of the Lenders are hereby ratably reduced in the aggregate by $869,123.50, which amount represents the expenses set forth under column A. of Annex 1 hereto. As used herein, "Partial Payoff Conditions" means (i) the receipt of the "Orion Partial Payoff Amount" to the account set forth on Annex 1 for application to the Obligations (as defined in the DIP Credit Agreement) as set forth on Annex 1 and (ii) the receipt of the equity and debt consideration by the persons set forth on Annex 1 for application to the Obligations (as defined in the DIP Credit Agreement) as set forth on Annex 1.

3. Notwithstanding the foregoing, to the extent that any payments or proceeds (or any portion thereof) received by the Secured Parties (as defined in the DIP Credit Agreement) or their advisors or counsel in connection herewith shall be subsequently invalidated, declared to be fraudulent or a fraudulent conveyance or preferential transfer, set aside or required to be repaid to a trustee, receiver, debtor-in-possession or any other party under any bankruptcy law, state or federal law, common law or equitable cause, then to the extent that the payment or receipt of proceeds is rescinded or must otherwise be restored by any such Secured Party (as defined in the DIP Credit Agreement), its advisor or its counsel, whether as a result of any insolvency proceeding or otherwise, the liens and/or secured interests or part thereof which were intended to be terminated and released by any such payment or proceeds shall be revived and continue to be in full force and effect as if the payment or proceeds had never been received by such Secured Party or its counsel, and this Partial Payoff Letter shall in no way impair the claims, or the liens granted in favor, of the Secured Parties.

4. The parties hereto hereby acknowledge and confirm that (i) after giving effect to this Partial Payoff Letter, the Obligations (as defined in the DIP Credit Agreement) held by, and outstanding commitments of, the DIP Lenders under the DIP Credit Agreement and other Financing Documents (as

defined in the DIP Credit Agreement) are set forth on Annex 2 (the "Remaining DIP Obligations"); (ii) subject to satisfaction of the Partial Payoff Conditions, the disposition of the Purchased Assets is permitted under the DIP Credit Agreement and Prepetition Credit Agreement; (iii) nothing contained in this Partial Payoff Letter shall terminate or otherwise impair the Remaining DIP Obligations of the Loan Parties; (iv) nothing contained in this Partial Payoff Letter shall terminate or otherwise impair the Obligations (as defined in the Prepetition Credit Agreement); and (v) no UCC amendment or termination statements, as applicable, shall be filed for the purpose of releasing any security interests or Liens described herein and any other documents, instruments, discharges and releases to evidence the consummation of the payoff and release of liens contemplated by this Partial Payoff Letter.

5. The Borrower hereby unconditionally, irrevocably and forever waives, releases and discharges, and covenants not to assert or prosecute, any and all claims, causes of action, demands, suits, liabilities, damages, costs and expenses of whatsoever nature and kind, whether known or unknown and whether arising at law or in equity, that are now existing or hereafter arising through the date hereof out of or in connection with (x) the DIP Credit Agreement and the other Financing Documents (as defined in the DIP Credit Agreement) against the Secured Parties (as defined in the DIP Credit Agreement), (y) the Prepetition Credit Agreement and the other Financing Documents (as defined in the Prepetition Credit Agreement) against the Secured Parties (as defined in the Prepetition Credit Agreement), or (z) in either case, any of their respective subsidiaries and affiliates or any of the Secured Parties' or their respective subsidiaries' or affiliates' successors and assigns, officers, directors, employees, partners, members, agents, attorneys or other representatives, except for the Secured Parties' obligations under this Partial Payoff Letter.

6. The Borrower acknowledges and agrees that the obligations, releases and authorizations of the Secured Parties under this Partial Payoff Letter will not become effective or enforceable, in each case, and any deliveries by the Secured Parties hereunder will not be made or effective, in each case, until the satisfaction of the Partial Payoff Conditions and, for this purpose, time will be of the essence.

7. For the avoidance of doubt, this Partial Payoff Letter relates solely to release of the Riverside Collateral (subject to satisfaction of the Partial Payoff Conditions), and nothing contained in this Partial Payoff Letter shall terminate or otherwise impair any rights any Secured Party may have under (x) the DIP Credit Agreement or other Financing Documents (as defined in the DIP Credit Agreement) or (y) the Prepetition Credit Agreement or other Financing Documents (as defined in the Prepetition Credit Agreement), in each case, as against any Loan Party or any other Collateral.

8. This Partial Payoff Letter may be executed and delivered in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument. Any counterpart delivered electronically shall be deemed the equivalent of an originally signed counterpart. The words "execution," "signed," signature," and words of like import in this letter or in any amendment or other modification hereof shall be deemed to include electronic signatures or the keeping of records in electronic form, each of which shall be of the same legal effect, validity or enforceability as a manually executed signature or the use of a paper-based recordkeeping system, as the case may be, to the extent and as provided for in any applicable law, including the Federal Electronic Signatures in Global and National Commerce Act, or any other similar state laws based on the Uniform Electronic Transactions Act.

9. Sections 1.02, 10.06, 10.09, 10.10 and 10.12 of the DIP Credit Agreement **(INCLUDING WAIVER OF THE RIGHT TO TRIAL BY JURY)** will apply with like effect to this Partial Payoff Letter and any dispute arising hereunder.

[Signature Pages Follow]

ACCEPTED AND AGREED TO AS OF
THE DATE FIRST ABOVE WRITTEN:

**CARBONLITE HOLDINGS LLC**, as Borrower

By: /s/ Brian Weiss
Name: Brian Weiss
Title: Chief Restructuring Officer

[*SIGNATURE PAGE TO PARTIAL PAYOFF LETTER*]

ACCEPTED AND AGREED TO AS OF
THE DATE FIRST ABOVE WRITTEN:

**CARBONLITE SUB-HOLDINGS LLC**, as Guarantor

By: _/s/ Brian Weiss_
Name: Brian Weiss
Title: Chief Restructuring Officer

**CARBONLITE PI HOLDINGS LLC**, as Guarantor

By: _/s/ Brian Weiss_
Name: Brian Weiss
Title: Chief Restructuring Officer

**CARBONLITE INDUSTRIES LLC**, as Guarantor

By: _/s/ Brian Weiss_
Name: Brian Weiss
Title: Chief Restructuring Officer

**CARBONLITE PINNPACK LLC**, as Guarantor

By: _/s/ Brian Weiss_
Name: Brian Weiss
Title: Chief Restructuring Officer

**PINNPACK PACKING LLC**, as Guarantor

By: _/s/ Brian Weiss_
Name: Brian Weiss
Title: Chief Restructuring Officer

[*SIGNATURE PAGE TO PARTIAL PAYOFF LETTER*]

**PINNPACK P, LLC**, as Guarantor

By: _/s/ BW_
Name: Brian Weiss
Title: Chief Restructuring Officer

[*SIGNATURE PAGE TO PARTIAL PAYOFF LETTER*]

ACCEPTED AND AGREED TO AS OF
THE DATE FIRST ABOVE WRITTEN:

**ORION ENERGY CREDIT OPPORTUNITIES FUND II, L.P.**,
as a DIP Lender and Prepetition Lender

By: Orion Energy Credit Opportunities Fund II GP, L.P., its general partner

By: Orion Energy Credit Opportunities Fund II Holdings LLC, its general partner

By: _____
Name: Nazar Massouh
Title: CEO and Managing Partner


**ORION ENERGY CREDIT OPPORTUNITIES FUND II PV, L.P.**,
as a DIP Lender and Prepetition Lender

By: Orion Energy Credit Opportunities Fund II GP, L.P., its general partner

By: Orion Energy Credit Opportunities Fund II Holdings LLC, its general partner

By: _____
Name: Nazar Massouh
Title: CEO and Managing Partner


[*SIGNATURE PAGE TO PARTIAL PAYOFF LETTER*]

ACCEPTED AND AGREED TO AS OF
THE DATE FIRST ABOVE WRITTEN:

**ORION ENERGY CREDIT OPPORTUNITIES
FUND II GPFA, L.P.**,
as a DIP Lender and Prepetition Lender

By: Orion Energy Credit Opportunities Fund II GP, L.P., its general partner

By: Orion Energy Credit Opportunities Fund II Holdings LLC, its general partner

By: /s/ Nazar Massouh
Name: Nazar Massouh
Title: CEO and Managing Partner


**ORION ENERGY CREDIT OPPORTUNITIES
CARBONLITE CO-INVEST, L.P.**,
as a DIP Lender and Prepetition Lender

By: Orion Energy Credit Opportunities Fund II GP, L.P., its general partner

By: Orion Energy Credit Opportunities Fund II Holdings LLC, its general partner

By: /s/ Nazar Massouh
Name: Nazar Massouh
Title: CEO and Managing Partner

[*SIGNATURE PAGE TO PARTIAL PAYOFF LETTER*]

Annex 1

PARTIAL PAYOFF AMOUNT

**Orion Partial Payoff Amounts**

| DIP LENDER | A. AMOUNT TO BE REMITTED TO LENDERS TO PAY EXPENSES (CASH) | B. PARTIAL PAYOFF AMOUNT TO BE PAID TO SUCH DIP LENDER (CASH) | C. PARTIAL PAYOFF AMOUNT TO BE PAID TO SUCH DIP LENDER (NOTES UNDER NOTE PURCHASE AGREEMENT) | D. PARTIAL PAYOFF AMOUNT TO BE PAID TO SUCH DIP LENDER (EQUITY UNDER LLCA) |
|---|---|---|---|---|
| Orion Energy Credit Opportunities Fund II, L.P. | $210,487.14 | $2,737,462.10 | $5,085,847.93 | To be allocated 24.218% of Class A Purchase Option and Class C Profit Sharing securities (Valued, for purposes of this partial payoff, at $3,269,473.67) |
| Orion Energy Credit Opportunities Fund II PV, L.P. | $338,241.47 | $4,398,953.73 | $8,172,682.94 | To be allocated 38.918% of Class A Purchase Option and Class C Profit Sharing securities (Valued, for purposes of this partial payoff, at $5,253,867.60) |
| Orion Energy Credit Opportunities Fund II GPFA, L.P. | $20,736.51 | $269,685.87 | $501,041.21 | To be allocated 2.386% of Class A Purchase Option and Class C Profit Sharing securities (Valued, for purposes of this partial payoff, at $322,097.92) |
| Orion Energy Credit Opportunities CarbonLITE Co-Invest, L.P. | $299,658.38 | $3,897,166.65 | $7,240,427.92 | To be allocated 34.478% of Class A Purchase Option and Class C Profit Sharing securities (Valued, for purposes of this partial payoff, at $4,654,560.81) |
| **TOTAL** | $869,123.50 | $11,303,268.35 | $21,000,000.00 | 100% of Class A Purchase Option and |

| | | | | Class C Profit Sharing securities (Valued, for purposes of this partial payoff, at $13,500,000) |
|---|---|---|---|---|
| | | | | |

With respect to amounts paid to each DIP Lender, the amounts shall be applied to achieve the allocations as set forth above.

Any cash amounts described above should be paid by wire transfer to the following account or, in the case of any expenses, to any other account specified in the applicable invoice for such expenses:

Bank Name: JPMorgan Chase Bank, N.A.
Bank Address: 270 Park Avenue, New York, New York 10017
ABA/Routing No.: 021000021
Account Name: ORION ENERGY PARTNERS INVESTMENT AGENT, LLC
Account No.: 700846822
Swift No.: CHASUS33
Reference: "CarbonLITE"

**Annex 2**

**REMAINING DIP OBLIGATIONS AND COMMITMENTS**

| DIP LENDER | REMAINING UNFUNDED NEW MONEY COMMITMENTS (AFTER GIVING EFFECT TO PARTIAL TERMINATION) | REMAINING ROLLED-UP TERM LOANS | REMAINING ACCRUED AND UNPAID INTEREST AND OTHER EXPENSES (IF ANY) |
|---|---|---|---|
| Orion Energy Credit Opportunities Fund II, L.P. | $954,290.66 | $3,636,810.37 | - |
| Orion Energy Credit Opportunities Fund II PV, L.P. | $1,533,493.54 | $5,844,157.84 | - |
| Orion Energy Credit Opportunities Fund II GPFA, L.P. | $94,013.61 | $358,286.74 | - |
| Orion Energy Credit Opportunities CarbonLITE Co-Invest, L.P. | $1,549,078.69 | $4,841,512.04 | - |
| **TOTAL** | $4,130,876.50 | $14,680,766.99 | $0.00 |