# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CARBONLITE HOLDINGS LLC, *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 21-10527 (JTD)<br><br>Jointly Administered |
| BAHRAM NOUR-OMID, an individual, and LEARNICON LLC, a Delaware limited liability company,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>CARBONLITE HOLDINGS LLC, a Delaware limited liability company, LF INVESTMENT HOLDINGS, LLC, a Delaware limited liability company, LEON FARAHNIK, an individual, KIM JEFFERY, an individual, FARAMARZ YOUSEFZADEH, an individual, ORION ENERGY CREDIT OPPORTUNITIES FUND II, L.P., a Delaware limited partnership, ORION ENERGY CREDIT OPPORTUNITIES FUND II PV, L.P., a Delaware limited partnership, ORION ENERGY CREDIT OPPORTUNITIES FUND II GPFA, L.P., a Delaware limited partnership, FORCE TEN PARTNERS, LLC, a Delaware limited liability company, BRIAN WEISS, an individual, and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　Defendants. | Adv. No.  21-50317 (JTD) |

**SUPPLEMENTAL MOTION TO DISMISS THE AMENDED COMPLAINT BY ORION ENERGY CREDIT OPPORTUNITIES FUND II, L.P., ORION ENERGY CREDIT OPPORTUNITIES FUND II PV, L.P., AND ORION ENERGY CREDIT <u>OPPORTUNITIES FUND II GPFA, L.P.</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948).  The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

28301711.1

Defendants Orion Energy Credit Opportunities Fund II, L.P., Orion Energy Credit Opportunities Fund II PV, L.P., and Orion Energy Credit Opportunities Fund II GPFA, L.P. (the "Orion Funds"), by and through their counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, hereby file this supplemental memorandum of law in support of their motion to dismiss the Complaint filed by Plaintiffs Bahram Nour-Omid ("Nour-Omid") and Learnicon LLC ("Learnicon," and together with Nour-Omid, "Plaintiffs").[2]

**ARGUMENT**

Plaintiffs' original Complaint was deficient as a matter of law; Plaintiffs' Amended Complaint is downright frivolous. In the Amended Complaint, Plaintiffs cling to the allegation that they were unaware of the Forbearance Agreement between CarbonLite Holdings, LLC ("CarbonLite") and the Orion Funds when Plaintiffs acquired Defendant LF Investment Holdings LLC ("LF Investment")'s interest in the Tranche B loans. *See, e.g.,* Am. Compl. ¶¶ 61 ("Unbeknownst to Plaintiffs, the Forbearance Agreement subordinated the Tranche B Loans to both the Tranche A and Tranche C Loans and eliminated certain key rights associated with the Tranche B Loans."); 70 (alleging that "Orion and the other defendants then negotiated and entered into the Forbearance Agreement … and subordinated the Tranche B Loans to both the Tranche A and … Tranche C Loans" all "without Plaintiffs' knowledge, consent, or approval"); 79 (claiming "that the Forbearance Agreement subordinated the Tranche B Loans and eliminated material rights associated therewith," which "was not known or reasonably discoverable by Plaintiffs").

---

[2] The Orion Funds file the instant Motion pursuant to the Court's Order at the June 22, 2021 hearing in this matter and hereby incorporate by reference all of the arguments presented in the Orion Funds' initial Motion to Dismiss (Dkt. Nos. 5-7), as applicable to the counts asserted against the Orion Funds in the Amended Complaint.

28301711.1                                              2

But we now know that Plaintiffs' allegations are demonstrably false. In particular, since Plaintiffs amended their Complaint, CarbonLite filed a copy of the February 16, 2021 Participation Purchase Agreement, through which Plaintiffs claim to have acquired their interest in the Tranche B Loans from LF Investment. *See* Participation Purchase Agreement (Feb. 16, 2021) (Dkt. No. 30-2); Am. Compl. ¶ 68 ("On or about February 16, 2021" LF Investment "sold its record interest in the Participation Agreement with Orion to Learnicon via a Participation Purchase Agreement."). Plaintiffs claim that "[a]t no time in connection with entering into the Participation Purchase Agreement did [LF Investment] or its principal [Defendant Leon] Farahnik inform Learnicon or Dr. Nour-Omid that the Forbearance Agreement between CarbonLite and Orion had subordinated the Tranche B Loans to both the Tranche A and the newly issued Tranche C Loans, and eliminated material rights associated with the Tranche B Loans." Am. Compl. ¶ 69. Plaintiffs contend further that "[a]t the time of the Participation Purchase Agreement," "[n]either Dr. Nour-Omid nor Learnicon had received a copy of the Forbearance Agreement or been made aware of its contents at that point." *Id.* at ¶ 69.

The Court need not look further than the plain terms of the Participation Purchase Agreement itself to see through these frivolous allegations: In a section titled "Knowledge," Plaintiffs disclosed that they had

> ***received copies of the Participation Agreement, the Credit Agreement and all other documents relating thereto and [were] aware that the Borrowers under the Credit Agreement are in default, that the Agent has entered into a Forbearance Agreement with the Borrowers and that pursuant to the Forbearance Agreement the Borrowers are preparing to file for Chapter 11.*** Purchaser is knowledgeable [of] the business affairs and financial condition of CarbonLite Holdings LLC and its subsidiaries (collectively, "CarbonLite") which are obligors under the Credit Agreement, and has acquired sufficient information about CarbonLite to reach an informed and knowledgeable decision to purchase the Participation.

Participation Purchase Agreement (Dkt. No. 30-2) (emphasis added). Thus, to the extent that Plaintiffs claim to have acquired an interest in the Tranche B Loans by virtue of the Participation Purchase Agreement, and that any such interest was harmed by the Forbearance Agreement, Plaintiffs cannot plausibly maintain that they were deceived about any impact that the Forbearance Agreement may have allegedly had on their interest in the Tranche B Loans.

Nor can Plaintiffs plausibly maintain to have acquired any legal obligations with the Orion Funds vis-a-vis the Tranche B Loans, whether through a theory of "implied-in-fact contract" or otherwise. In amending their Complaint, Plaintiffs added a single count against the Orion Funds for "Breach of Implied-in-Fact Contract," alleging that in October 2020, Plaintiffs somehow contracted with the Orion Funds at the same time that "CarbonLite and Orion entered into the Participation Agreement and Amendment No. 3 to the Credit Agreement" with LF Investment. Am. Compl. ¶ 134. Although Plaintiffs' claims are far from a model of clarity, this claim appears to be based on a series of emails in which the Orion Funds discussed the Participation Agreement and Amendment No. 3 to the Credit Agreement with Leon Farahnik. *See* Am. Compl. 7-12. This claim is patently deficient.

The elements required to form an implied-in-fact contract are identical to those necessary to form an express contract: "consideration, mutual assent, legal capacity and legal subject matter." *Lapine v. Seinfeld*, 918 N.Y.S.2d 313 (Sup. Ct. 2011); *see also In re Penn Cent. Transp. Co.*, 831 F.2d 1221, 1228 (3d Cir. 1987) ("The elements necessary to form an implied-in-fact contract are identical to those required for an express agreement."); *Osborn v. Boeing Airplane Co.*, 309 F.2d 99, 102 (9th Cir. 1962) ("Contracts implied-in-fact, like express contracts, must rest

upon a manifestation of mutual assent.").[3] An implied-in-fact contract exists where mutual assent is established by conduct of the parties "giv[ing] rise to an inference of assent." *Maas v. Cornell Univ.*, 721 N.E. 2d 966, 970 (N.Y. 1999). As one court has stated, "with respect to implied-in-fact contracts, [b]ased on the facts and circumstances surrounding the dispute as manifested in the acts and conduct of the parties, there must be an indication of a meeting of minds of the parties constituting an agreement." *Berlinger v. Lisi*, 731 N.Y.S. 2d 916, 916 (App. Div 3d Dep't 2001). To that end, a plaintiff must plead "in nonconclusory language ... , the essential terms of the parties' ... contract, including those specific provisions of the contract upon which liability is predicated, whether the alleged agreement was, in fact, written or oral, and the rate of compensation." *Seinfeld*, 918 N.Y.S.2d at 318.

*First*, Plaintiffs cannot establish mutual assent to the terms of any contract with the Orion Funds. In a futile attempt to manufacture an agreement where none exists, Plaintiffs include a series of email exchanges between representatives of the Orion Funds, on the one hand, and Leon Farahnik, on the other, discussing the terms of the Participation Agreement and Amendment No. 3 to the Credit Agreement, which those parties -- *not* Plaintiffs -- ultimately executed. *See, e.g.*, Am. Compl. at 7 (Oct. 2, 2020 email from Orion Funds to Farahnik); 8 (Oct. 7, 2020 email from Orion Funds to Farahnik). To the extent that any of the emails include representatives of the Orion Funds, on the one hand, and Plaintiffs, on the other, either Plaintiff Nour-Omid was merely copied by Defendant Farahnik, or they do not contain any substantive discussion of the Tranche B Loans. *See* Am. Compl. at 10-12 (Oct. 16. 2020 email chain in which Farahnik copied Nour-Omid); *id.* at

---

[3] Plaintiffs allege in conclusory terms that "[t]his cause of action is governed by California law because the conduct that gave rise to the implied-in-fact contract between the parties occurred in California, and the implied-in-fact contract was entered into in California." Am. Compl. ¶ 132. Notwithstanding that the Orion Funds are organized under Delaware law, *see id.* at ¶¶ 8-10, and that the Orion Funds have a principle place of business in New York, New York, Plaintiffs' claims are deficient whether analyzed under California, New York, or Delaware law.

¶ 45 (quoting Oct. 22, 2020 email "between members of Orion ... , CarbonLite's counsel, defendant Farahnik, and plaintiff Nour-Omid"). Not a single one of the emails including both Plaintiffs and the Orion Funds contain any terms expressing mutual assent to any contractual terms. As such, this documentary evidence does not come close to establishing that Plaintiffs and the Orion Funds ever reached any type of meeting of the minds constituting an enforceable agreement. *See Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996) (an implied in fact agreement must be "founded upon a meeting of minds" that may be "inferred, as a fact, from conduct of the parties" to the implied agreement).

*Second*, Plaintiffs cannot state a claim for an implied-in-fact contract because any such contract would be subsumed within the written agreements between either (a) Plaintiffs, Farahnik, and LF Investment, or (b) the Orion Funds, CarbonLite, and LF Investment. *See Walker v. Am. Nat'l Ins. Co.*, No. 16-CV-06255-HSG, 2018 WL 1993383, at *4 n.3 (N.D. Cal. Apr. 27, 2018) ("[A]n implied-in-fact contract cannot exist where there is an express contract covering the same subject matter."); *DG & A Mgmt. Servs., LLC v. Secs. Indus. Ass'n Compliance & Legal Div.*, 859 N.Y.S. 2d 305, 305 (App. Div. 3d Dep't 2008) ("[A] contract may not be implied in fact from the conduct of the parties where it appears that they intended to be bound only by a formal written agreement"); *In re Penn Cent. Transp. Co.*, 831 F.2d 1221, 1229 (3d Cir. 1987) ("[N]o implied-in-fact contract can be found when, as here, the parties have an express agreement dealing with the same subject."). Moreover, the emails cited in the complaint make clear that the Orion Funds sought to structure the transaction "as a 'participation,'" Am. Compl. 7 (quoting Oct. 2, 2020 email from Orion Funds to Farahnik), and intended this "Participation" to "be documented via a Participation Agreement," *id.* at 8 (Oct. 7, 2020 email from Orion Funds to Farahnik), which of course, it was, as between the Orion Funds and LF Investment, ***not*** Plaintiffs.

*Third* and finally, even assuming the emails cited in the amended complaint included terms creating a contractual obligation between Plaintiffs and the Orion Funds (they do not), Plaintiffs cannot establish that any of those terms were breached, or more generally that they suffered any damages. Those emails made clear that the "Tranche B Loan will be paid first from the proceeds of an equity raise or an <u>approved</u> sale of Pinnpack, and ***will be paid after the Tranche A loan in all other scenarios***, as 'last out' (including in a liquidation/foreclosure) -- priority unchanged from current structure." Am. Compl. 8 (Oct. 7, 2020 email from Orion Funds to Farahnik) (first emphasis in original). In a later email, the Orion Funds also stated "that any sale of PinnPack would have to be at a valuation & amount of cash to remain in CarbonLITE for liquidity, approved by Orion Energy." *Id.* at 12 (Oct. 16, 2020 email from Orion Funds to Farahnik). As the Court is well aware, a sale of the Riverside, California facility only generated proceeds to cover a small fraction of the Tranche A Loans and its debtor-in-possession financing, and there will be no qualified (*i.e.*, "<u>approved</u>") sale of the PinnPack facility. Instead, the PinnPack facility will be sold through the bankruptcy process following an event of default.

Plaintiffs already have wasted too much of this Court's and the Debtors' resources with their frivolous claims against the Orion Funds. They should not be allowed to waste any more. The Court should dismiss Plaintiffs' claims against the Orion Funds forthwith.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

For the reasons set forth herein, and in the Orion Funds' initial Motion to Dismiss, the Court should dismiss Plaintiffs' claims against the Orion Funds in their entirety and with prejudice.

Dated: July 2, 2021

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kara Hammond Coyle*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Kara Hammond Coyle (No. 4410)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: rbrady@ycst.com
eharron@ycst.com kcoyle@ycst.com

- and -

**LATHAM & WATKINS LLP**
Eric Leon, Esq.
Mateo de la Torre, Esq.
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: eric.leon@lw.com
andrew.ambruoso@lw.com
mateo.delatorre@lw.com

*Counsel to Defendants Orion Energy Credit Opportunities Fund II, L.P., Orion Energy Credit Opportunities Fund II PV, L.P., and Orion Energy Credit Opportunities Fund II GPFA, L.P.*