# Exhibit 1 to Order

**Settlement Agreement**

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release (this "<u>Agreement</u>") is entered into as of July 28, 2021, by and among: (A) CL H Winddown LLC f/k/a CarbonLite Holdings, LLC ("CLH"), on behalf of itself and its debtor affiliates (together, the "<u>Debtors</u>"); (B) Dr. Bahram Nour-Omid and Learnicon LLC (together, the "<u>Plaintiffs</u>"); (C) Kim Jeffery and Faramarz Yousefzadeh (together, the "<u>Director Defendants</u>"); (D) Force Ten Partners, LLC and Brian Weiss (together, the "<u>CRO Defendants</u>"); and (E) Orion Energy Credit Opportunities Fund II, L.P., Orion Energy Credit Opportunities Fund II PV, L.P., and Orion Energy Credit Opportunities Fund II GPFA, L.P. (together, the "<u>Orion Defendants</u>"). The Debtors, the Plaintiffs, the Director Defendants, the CRO Defendants, and the Orion Defendants are the "<u>Parties</u>" and each is a "<u>Party</u>". Leon Farahnik and LF Investment Holdings, LLC (together, the "<u>Farahnik Defendants</u>") are not Parties for purposes of this Agreement and are only signatories hereto with respect to, and are only bound by, <u>Section 3</u> of this Agreement.

## RECITALS

WHEREAS, on March 8, 2021, the Debtors commenced voluntary bankruptcy cases (the "<u>Chapter 11 Cases</u>") under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), which Chapter 11 Cases are jointly administered under Case No. 21-10527 (JTD);

WHEREAS, on April 12, 2021, the Plaintiffs initiated an adversary proceeding designated Adversary No. 21-50317 (JTD) (the "<u>Adversary Proceeding</u>") through the filing of an original Complaint (the "<u>Original Complaint</u>") against CLH, the Director Defendants, the CRO Defendants, the Orion Defendants, the Farahnik Defendants, and various "DOES" to be named;

WHEREAS, CLH, the Director Defendants, the CRO Defendants, the Orion Defendants, and the Farahnik Defendants filed separate motions to dismiss (the "<u>Original Motions</u>") the Original Complaint on various grounds;

WHEREAS, on June 9, 2021, the Plaintiffs filed an Amended Complaint in the Adversary Proceeding [Docket No. 24] (the "<u>Amended Complaint</u>");

WHEREAS, CLH, the Director Defendants, the CRO Defendants, the Orion Defendants, and the Farahnik Defendants filed separate supplemental motions to dismiss the Amended Complaint on various grounds and the Plaintiffs have filed an omnibus opposition to such motions and to the Original Motions;

WHEREAS, the Parties have decided to fully and finally resolve the disputes that currently exist between them pursuant to the terms of this Agreement, and with respect to the Farahnik Defendants the Plaintiffs have agreed to dismiss any claims in the Adversary Proceeding without prejudice while reserving all of their rights, claims, and defenses against the Farahnik Defendants. Similarly, all rights, claims, and defenses of the Farahnik Defendants against the Plaintiffs are reserved following dismissal of the Adversary Proceeding;

WHEREAS, the Parties agree that there is no just reason for delay under Federal Rule of Civil Procedure 54(b), as made applicable by Federal Rule of Bankruptcy Procedure 7054, with

respect to the dismissal of the claims alleged in the Adversary Proceeding pursuant to the terms of this Agreement.

AGREEMENT

NOW, THEREFORE, in consideration of the promises and agreements contained herein, and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties (and the Farahnik Defendants solely as to <u>Section 3</u> of this Agreement) agree as follows:

1.    <u>Incorporation of Recitals</u>.   The Recitals set forth above are incorporated by reference.

2.    <u>Agreement Effective Date</u>.  This Agreement shall become effective and binding on each of the Parties once all of the Parties execute this Agreement, except that this Agreement shall not be effective and binding with respect to the Debtors absent an Order of the Bankruptcy Court approving this Agreement.  The "<u>Agreement Effective Date</u>" shall be (a) with respect to all Parties other than the Debtors, the date upon which this Agreement is fully executed and (b) with respect to the Debtor, the date upon which a Bankruptcy Court order approving this Agreement (an "<u>Approval Order</u>") becomes final and non-appealable.  Following execution of this Agreement by all Parties, the Debtors shall promptly file a motion for an Approval Order pursuant to Federal Rule of Bankruptcy Procedure 9019, and all other Parties shall support such motion as needed. The Parties agree that the Adversary Proceeding shall be stayed as to the Debtors pending the occurrence of the Agreement Effective Date or until the Bankruptcy Court denies the motion for an Approval Order.

3.    <u>Dismissal of Adversary Proceeding</u>.

(A)    Pursuant to Federal Rule of Civil Procedure 54(b), as made applicable by Federal Rule of Bankruptcy Procedure 7054, promptly following the applicable Agreement Effective Date as to all Parties and the Farahnik Defendants other than the Debtors, and no later than five (5) business days thereafter, the Plaintiffs shall prepare and file a stipulation of dismissal regarding the Adversary Proceeding with prejudice as to all Parties for which the Agreement Effective Date has occurred; *provided, however,* that such dismissal shall be without prejudice as to the Farahnik Defendants.

(B)    Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), as made applicable by Federal Rule of Bankruptcy Procedure 7041, promptly following the applicable Agreement Effective Date as to the Debtors, and no later than five (5) business days thereafter, the Plaintiffs shall prepare and file a notice of dismissal with prejudice of the remaining claims in the Adversary Proceeding against the Debtors.

(C)    All Parties shall bear their own fees and expenses associated with the Adversary Proceeding.  All rights, claims, and defenses of the Plaintiffs against the Farahnik Defendants are expressly reserved following dismissal of the Adversary Proceeding.

2

(D)     Subject to the occurrence of the applicable Agreement Effective Date, the Farahnik Defendants consent to the dismissal of the Adversary Proceeding against them without prejudice.  All rights, claims, and defenses of the Farahnik Defendants against the Plaintiffs are expressly reserved following dismissal of the Adversary Proceeding.  In addition, Plaintiffs and the Farahnik Defendants agree that they shall bear their own fees and expenses associated with the Adversary Proceeding.

4.      <u>Withdrawal of Claims</u>.  Upon the occurrence of the Agreement Effective Date with respect to the Debtors, any and all claims of the Plaintiffs, in any capacity, against the Debtors, including any filed proofs of claim, shall be deemed withdrawn with prejudice and no such claims may ever be asserted against the Debtors, their estates, or their successors and assigns in the future.

5.      <u>Mutual Releases</u>.  Upon the occurrence of the applicable Agreement Effective Date, other than with respect to the obligations set forth in this Agreement, and as good and valid consideration for the Parties' respective performance of the obligations set forth in this Agreement:

A.      Release by Plaintiff Releasing Parties:

The Plaintiffs and their respective officers, directors, managers, members, employees, advisory board members, investors, principals, representatives, and affiliates (collectively, the "<u>Plaintiff Releasing Parties</u>") hereby release, waive, and discharge any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, asserted or assertable by or on behalf of the Plaintiff Releasing Parties, as applicable, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, against the Parties for which the Agreement Effective Date has occurred, including when applicable, the Debtors, the Director Defendants, the CRO Defendants, and the Orion Defendants, and their respective officers, directors, managers, members, employees, advisory board members, investors, principals, representatives, and affiliates (collectively, the "<u>Defendant Released Parties</u>"), arising from, related to, or in connection with the Debtors (whether prepetition or postpetition), the Chapter 11 Cases, the Adversary Proceeding, the allegations in the Original Complaint, the allegations in the Amended Complaint, or the Plaintiffs' claims reserved against the Farahnik Defendants.

Plaintiff Releasing Parties further agree that their release of the Defendant Released Parties shall be governed by the provisions of California Code of Civil Procedure § 877.  Plaintiff Releasing Parties agree to release and discharge and protect the Defendant Released Parties from all claims for contribution by any other party, person, individual, entity, company and/or corporation against which any Plaintiff Releasing Party may assert a claim or lawsuit arising out of, relating to, or in any way connected to the occurrence that is the subject of the foregoing release, and to allow the Defendant Released Parties to avoid having to appear at trial, defend, or

3

remain as an active party to any other lawsuit initiated by Plaintiff Releasing Parties and involving the subject matter of the release.

B.    Release by Defendant Releasing Parties

The Debtors, the Director Defendants, the CRO Defendants, and the Orion Defendants and their respective officers, directors, managers, members, employees, advisory board members, investors, principals, representatives, and affiliates (collectively, the "Defendant Releasing Parties") hereby release, waive, and discharge any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, asserted or assertable by or on behalf of the Defendant Releasing Parties, as applicable, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, against the Plaintiffs and their respective officers, directors, managers, members, employees, advisory board members, investors, principals, representatives, and affiliates (collectively, the "Plaintiff Released Parties"), arising from, related to, or in connection with the Debtors (whether prepetition or postpetition), the Chapter 11 Cases, the Adversary Proceeding, the allegations in the Original Complaint, the allegations in the Amended Complaint, or the Plaintiffs' claims reserved against the Farahnik Defendants.

Defendant Releasing Parties further agree that their release of the Plaintiff Released Parties shall be governed by the provisions of California Code of Civil Procedure § 877. Defendant Releasing Parties agree to release and discharge and protect the Plaintiff Released Parties from all claims for contribution by any other party, person, individual, entity, company and/or corporation against which any Defendant Releasing Party may assert a claim or lawsuit arising out of, relating to, or in any way connected to the occurrence that is the subject of the foregoing release, and to allow the Plaintiff Released Parties to avoid having to appear at trial, defend, or remain as an active party to any other lawsuit initiated by Defendant Releasing Parties and involving the subject matter of the release.

6.    California Civil Code Section 1542. In reaching this Agreement, each Party (a) represents, warrants, and acknowledges, that he or it as applicable has been fully advised by counsel of the contents of Section 1542 of the Civil Code of the State of California and (b) expressly waives the benefits thereof and any rights that such Party may have thereunder (or under any similar law). Section 1542 of the Civil Code of the State of California provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY

AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Each Party acknowledges that such Party may hereafter discover claims or facts in addition to or different from those which such Party now knows or believes to exist with respect to the subject matter of the releases that, if known or suspected at the time of executing the releases, would have materially affected this settlement. Nevertheless, each of the Parties waives any right, claim or cause of action that might arise as a result of such different or additional claims or facts. Each of the Parties acknowledges that such Party understands the significance and consequence of the releases given and specifically waives any legal principle that limits general releases to known claims only, such as California Civil Code Section 1542 (or any similar law).

7.    Covenant Not to Sue.  Upon the occurrence of the applicable Agreement Effective Date, each of the Plaintiff Releasing Parties and the Defendant Releasing Parties agrees that it will not file, commence or otherwise assert, formally or informally, any claim, cause of action, or other matter released under this Agreement against, as applicable, any of the Plaintiff Released Parties or the Defendant Released Parties.

8.    No Admissions.  This Agreement, and the negotiation thereof, shall in no way constitute, be construed as, or be evidence of an admission or concession of any violation of any statute or law; of any fault, liability, or wrongdoing; or of any infirmity in the claims or defenses of any of the Parties with regard to any of the complaints, claims, allegations, or defenses asserted or that could have been asserted in connection with the subject matter of this Agreement or the disputes described herein or settled or released hereby.  This Agreement shall not be used, directly or indirectly, in any way, in litigation or other proceedings between or involving any of the Parties to prove liability or damages against any of the Parties, and this Agreement shall not be admissible as evidence in any legal proceeding between or involving any of the Parties, other than in litigation or a proceeding to enforce the terms of this Agreement or to provide evidence of the claims being released.

9.    Notices.  Unless otherwise specified, all notices required or permitted under this Agreement shall be in writing and shall be delivered both by email and (1) hand or (2) prepaid delivery service with package tracking capabilities.  Such notices shall be addressed as follows (or at such other addresses as shall subsequently be specified by like notice):

A.    For notices (but not service of process) to the Debtors:

CL H Winddown LLC f/k/a CarbonLite Holdings LLC
c/o Force Ten Partners, LLC
5271 California Avenue, Suite 270
Irvine, CA 92617
Attn: Brian Weiss
Email: bweiss@force10partners.com

-and-

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705 (Courier 19801)
Attn:   Richard M. Pachulski, Esq., Maxim B. Litvak, James E. O'Neill
Email:  rpachulski@pszjlaw.com; mlitvak@pszjlaw.com;
joneill@pszjlaw.com


B.       For notices (but not service of process) to the Plaintiffs:

Barnes & Thornburg LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Attn:  Thomas E. Hanson, Jr., Kevin G. Collins
Email: thanson@btlaw.com; kcollins@btlaw.com


        -and-

Michelman & Robinson, LLP
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Attention: Sanford L. Michelman, Mona Z. Hanna, Howard I. Camhi,
Alexander R. Safyan
Email:  smichelman@mrllp.com; mhanna@mrllp.com;
hcamhi@mrllp.com; asafyan@mrllp.com


C.       For notices (but not service of process) to the Director Defendants:

Reed Smith LLP
1201 North Market Street, Suite. 1500
Wilmington, DE 19801
Attn: Kurt F. Gwynne / Moshe Kupietzky
E-mail: kgwynne@reedsmith.com; mkupietzky@reedsmith.com


D.       For notices (but not service of process) to the CRO Defendants:

Cozen O'Connor
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Attn: Thomas J. Francella, Jr.
Email: tfrancella@cozen.com

E.      For notices (but not service of process) to the Orion Defendants:

Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801
Attn: Robert S. Brady, Edwin J. Harron, Kara Hammond Coyle
Email: rbrady@ycst.com; eharron@ycst.com; kcoyle@ycst.com

- and –

Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Attn:  Eric Leon, Andrew Ambruoso, Mateo de la Torre,
Email: eric.leon@lw.com; andrew.ambruoso@lw.com;
mateo.delatorre@lw.com

F.      For notices (but not service of process) to the Farahnik Defendants:

Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, Delaware 19801
Attn:  Kathleen M. Miller (ID No. 2898)
Email: kmiller@skjlaw.com

- and –

Wolf, Rifkin, Shapiro, Schulman, & Rabkin, LLP
11400 W. Olympic Blvd., 9th Floor
Los Angeles, CA 90064
Attention:  Johnny White
Email: jwhite@wrslawyers.com

10.    <u>Entire Agreement</u>.  This Agreement contains the entire understanding of the Parties and supersedes all prior oral, written, or other understandings relating to the subject matter hereof, and shall not be altered, amended, or otherwise modified except by a written instrument signed by each of the Parties.

11.    <u>GOVERNING LAW; SUBMISSION TO JURISDICTION; SELECTION OF FORUM</u>.  THIS AGREEMENT IS TO BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF DELAWARE APPLICABLE TO CONTRACTS MADE AND TO BE PERFORMED IN SUCH STATE, WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS PRINCIPLES THEREOF, EXCEPT AS GOVERNED BY THE BANKRUPTCY CODE.  Each Party hereto agrees that it shall bring any action or proceeding in respect of any claim arising out of or related to this Agreement, in the Bankruptcy Court so long as the Chapter 11 Cases are pending, or in the event not so pending, in the state or federal courts located in the State of Delaware or other court of proper appellate jurisdiction in respect of the

foregoing (the "<u>Chosen Courts</u>"), and solely in connection with claims arising under this Agreement: (a) irrevocably submits to the exclusive jurisdiction of the Chosen Courts; (b) waives any objection to laying venue in any such action or proceeding in the Chosen Courts; and (c) waives any objection that the Chosen Courts are an inconvenient forum or do not have jurisdiction over any Party hereto.

12.    <u>Specific Performance/Remedies</u>.  It is understood and agreed by the Parties that money damages would not be a sufficient remedy for any breach of this Agreement by any Party and each non-breaching Party shall be entitled to seek specific performance and injunctive or other equitable relief (including attorney's fees and costs) as a remedy for any such breach, in addition to any other remedy to which such non-breaching Party may be entitled, at law or equity, without the necessity of proving the inadequacy of money damages as a remedy, including an order of the Chosen Court or the Bankruptcy Court requiring any Party to comply promptly with any of its obligations hereunder. Each Party agrees to waive any requirement for the securing or posting of a bond in connection with such remedy.

13.    <u>Negotiation and Drafting; Voluntary Execution; Disclaimer of Reliance</u>.  Each Party to this Agreement represents, warrants, and acknowledges to the other Parties hereto that:

A.    this Agreement was drafted jointly by the Parties;

B.    this Agreement is the result of arm's length negotiations between the Parties;

C.    such Party is entering into this Agreement with full knowledge of any and all rights that the Parties may have;

D.    such Party has consulted with such Party's own attorneys and fully understands the terms hereof;

E.    such Party has received, or has had made available to it, all information necessary to make an informed judgment concerning the Agreement;

F.    such Party has received legal advice from such Party's own attorneys regarding the advisability of entering into the settlement provided for herein and is voluntarily executing this Agreement;

G.    in negotiating and entering into this Agreement, such Party has not relied on, and has not been induced by, any representation, warranty, statement, estimate, communication, or information, of any nature whatsoever, whether written or oral, by, on behalf of, or concerning the other Party or any agent of the other Party, or otherwise, except as expressly set forth in this Agreement, and no such representations have been made;

H.    such Party expressly disclaims reliance upon any communication or information, whether written or oral, between or among the Parties at any time prior to and during the negotiation and execution of this Agreement; and

I.    such Party affirmatively represents and acknowledges that it is relying solely on the express terms contained within this Agreement.

14.    <u>Bankruptcy Court Approval</u>.  With respect to the Debtors and the release of all claims between the Debtors and the Plaintiffs, this Agreement and the occurrence of the Agreement Effective Date is subject to and conditioned upon entry of an Approval Order.  With respect to all other Parties, this Agreement is binding upon full execution of this Agreement by all Parties other than the Debtors.

15.    <u>Successors and Assigns</u>.  This Agreement shall be binding upon the Parties hereto and their respective affiliates, successors, and assigns.

16.    <u>Severability</u>.  If any provision of this Agreement is found or held to be invalid or unenforceable by a court or other decision-making body of competent jurisdiction, the remainder of this Agreement shall remain valid and enforceable to the greatest extent allowed by such court or body under law.

17.    <u>No Third Party Beneficiaries</u>.  Except for the right of Plaintiff Released Parties and the Defendant Released Parties to enforce the mutual released provided herein, this Agreement is solely for the benefit of the Parties hereto, and no provision of this Agreement shall be deemed to confer upon any third parties any claim, remedy, liability, reimbursement, cause of action, or other right

18.    <u>Remedies Cumulative</u>.  All rights, powers, and remedies provided under this Agreement or otherwise available in respect hereof at law or in equity shall be cumulative and not alternative, and the exercise of any right, power, or remedy thereof by any Party shall not preclude the simultaneous or later exercise of any other such right, power, or remedy by such Party.

19.    <u>Further Assurances</u>.  Subject to the other terms of this Agreement, the Parties agree to execute and deliver such other instruments and perform such acts, in addition to the matters herein specified, as may be reasonably appropriate or necessary, or as may be required by order of the Bankruptcy Court, from time to time, to effectuate and implement the terms of this Agreement.

20.    <u>Headings</u>.  The headings of all sections of this Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

21.    <u>Interpretation and Rules of Construction</u>.  This Agreement is the product of negotiations among the Parties, and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof.  The Parties were each represented by counsel during the negotiations and drafting of this Agreement and continue to be represented by counsel.  In addition, this Agreement shall be interpreted in accordance with section 102 of the Bankruptcy Code.

22.    <u>Execution in Counterparts; Electronic Signatures</u>.  This Agreement may be executed in any number of counterparts, each of which, when so executed, will be deemed an

original, but all such counterparts will constitute but one and the same document. Delivery by a Party of an executed counterpart of a signature page to this Agreement by facsimile or PDF documents sent by email will be effective as delivery of an original executed counterpart. In addition, the Parties and the Farahnik Defendants consent to the execution of this Agreement by an "electronic signature," as that term is used in either the Uniform Electronic Transactions Act, the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7006(5), or any similar law.

*[Signature Pages Follow]*

WHEREFORE, the Parties below (and the Farahnik Defendants solely as to <u>Section 3</u> of this Agreement) have entered into this Agreement as of the date listed above.

<u>**DEBTORS**</u>:

**CL H WINDDOWN LLC (F/K/A CARBONLITE HOLDINGS LLC), ON BEHALF OF ITSELF AND ITS DEBTOR AFFILIATES**

By:_____
Name:   Brian Weiss
Title:     Chief Restructuring Officer

<u>**PLAINTIFFS**</u>:

**DR. BAHRAM NOUR-OMID**

_____

**LEARNICON LLC**

By:_____
Name:   Dr. Bahram Nour-Omid
Title:     Manager

<u>**DIRECTOR DEFENDANTS**</u>:

**KIM JEFFERY**

_____

**FARAMARZ YOUSEFZADEH**

_____

*[Signature Pages to Settlement Agreement and Release]*

WHEREFORE, the Parties below (and the Farahnik Defendants solely as to <u>Section 3</u> of this Agreement) have entered into this Agreement as of the date listed above.

**DEBTORS:**

**CL H WINDDOWN LLC (F/K/A CARBONLITE HOLDINGS LLC), ON BEHALF OF ITSELF AND ITS DEBTOR AFFILIATES**

By:_____
Name:   Brian Weiss
Title:    Chief Restructuring Officer

**PLAINTIFFS:**

**DR. BAHRAM NOUR-OMID**

_____

**LEARNICON LLC**

By:_____
Name:   Dr. Bahram Nour-Omid
Title:    Manager

**DIRECTOR DEFENDANTS:**

**KIM JEFFERY**

_____

**FARAMARZ YOUSEFZADEH**

_____

WHEREFORE, the Parties below (and the Farahnik Defendants solely as to <u>Section 3</u> of this Agreement) have entered into this Agreement as of the date listed above.

<u>**DEBTORS**</u>:

**CL H WINDDOWN LLC (F/K/A CARBONLITE HOLDINGS LLC), ON BEHALF OF ITSELF AND ITS DEBTOR AFFILIATES**

By:_____
Name:    Brian Weiss
Title:    Chief Restructuring Officer

<u>**PLAINTIFFS**</u>:

**DR. BAHRAM NOUR-OMID**

_____

**LEARNICON LLC**

By:_____
Name:    Dr. Bahram Nour-Omid
Title:    Manager

<u>**DIRECTOR DEFENDANTS**</u>:

**KIM JEFFERY**

_____

**FARAMARZ YOUSEFZADEH**

_____

<em>[Signature Pages to Settlement Agreement and Release]</em>

WHEREFORE, the Parties below (and the Farahnik Defendants solely as to <u>Section 3</u> of this Agreement) have entered into this Agreement as of the date listed above.

**DEBTORS:**

**CL H WINDDOWN LLC (F/K/A CARBONLITE HOLDINGS LLC), ON BEHALF OF ITSELF AND ITS DEBTOR AFFILIATES**

By:_____
Name:   Brian Weiss
Title:    Chief Restructuring Officer

**PLAINTIFFS:**

**DR. BAHRAM NOUR-OMID**

_____

**LEARNICON LLC**

By:_____
Name:   Dr. Bahram Nour-Omid
Title:    Manager

**DIRECTOR DEFENDANTS:**

**KIM JEFFERY**

_____

**FARAMARZ YOUSEFZADEH**

_____

*[Signature Pages to Settlement Agreement and Release]*

**CRO DEFENDANTS:**

**FORCE TEN PARTNERS, LLC**

By:_____

Name:  Brian Weiss

Title:  Partner


**BRIAN WEISS**

_____


**ORION DEFENDANTS:**

**ORION ENERGY CREDIT
OPPORTUNITIES FUND II, L.P., ORION
ENERGY CREDIT OPPORTUNITIES
FUND II PV, L.P., AND ORION ENERGY
CREDIT OPPORTUNITIES FUND II
GPFA, L.P.**


By:_____

Name:

Title:


**FARAHNIK DEFENDANTS:**

**SOLELY WITH RESPECT TO SECTION 3
OF THIS AGREEMENT:**

**LEON FARAHNIK**


_____


**LF INVESTMENT HOLDINGS, LLC**


By:_____

Name:  Leon Farahnik

Title:


*[Signature Pages to Settlement Agreement and Release]*

**CRO DEFENDANTS:**

**FORCE TEN PARTNERS, LLC**

By:_____
Name:
Title:

**BRIAN WEISS**

_____

**ORION DEFENDANTS:**

**ORION ENERGY CREDIT
OPPORTUNITIES FUND II, L.P., ORION
ENERGY CREDIT OPPORTUNITIES
FUND II PV, L.P., AND ORION ENERGY
CREDIT OPPORTUNITIES FUND II
GPFA, L.P.**

By:_____
Name:   Nazar Massouh
Title:     CEO

**FARAHNIK DEFENDANTS:**

**SOLELY WITH RESPECT TO SECTION 3
OF THIS AGREEMENT:**

**LEON FARAHNIK**

_____

**LF INVESTMENT HOLDINGS, LLC**

By:_____
Name:   Leon Farahnik
Title:

*[Signature Pages to Settlement Agreement and Release]*

**CRO DEFENDANTS:**

**FORCE TEN PARTNERS, LLC**

By:_____
Name:
Title:

**BRIAN WEISS**

_____


**ORION DEFENDANTS:**

**ORION ENERGY CREDIT
OPPORTUNITIES FUND II, L.P., ORION
ENERGY CREDIT OPPORTUNITIES
FUND II PV, L.P., AND ORION ENERGY
CREDIT OPPORTUNITIES FUND II
GPFA, L.P.**

By:_____
Name:
Title:


**FARAHNIK DEFENDANTS:**

**SOLELY WITH RESPECT TO SECTION 3
OF THIS AGREEMENT:**

**LEON FARAHNIK**

_____

**LF INVESTMENT HOLDINGS, LLC**

By:_____
Name:  Leon Farahnik
Title:

*[Signature Pages to Settlement Agreement and Release]*